Dear Mr. Maxwell:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. In your opinion request, you ask the following two questions:
 1) May a duly elected councilperson for the City of Kenner accept an appointment as deputy constable from the duly elected constable of the Sixth Justice of the Peace Court for the Parish of Jefferson?
 2) May a duly elected councilperson for the City of Kenner accept an appointment as "honorary" constable from the duly elected constable of the Sixth Justice of the Peace Court for the Parish of Jefferson?
You additionally state that the deputy constable would not receive a salary nor perform any function normally performed by the constable, and the "honorary" constable would not receive a salary nor perform any duties.
The fact that neither position would be compensated with a salary is of little consequence. As stated previously in Attorney General Opinion Number 96-345, "compensation, in general, has no effect upon the permissiveness or disallowance of the simultaneous holding of offices under the law." More important are the types of employment and /or position to be held.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. LA R.S. 42:63 (D) states in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive_office in the government of this state or in the government of a political subdivision thereof.
"Political subdivision," as defined by LA R.S. 42:62 (9) is any:
 Parish, municipality, and any other unit of local government authorized by law to perform governmental functions. In addition for the purposes of this part, mayors courts, justices of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
For your information, a councilperson for the City of Kenner and a constable of the Sixth Justice of the Peace Court for the Parish of Jefferson represent two different political subdivisions, namely, the City of Kenner and the Sixth Justice of the Peace Court for the Parish of Jefferson. Please see Opinion No. 92-743, which states, "an elected constable of a justice of the peace court, like a justice of the peace, are independent elected ward officials and are not entities of the local governing authority."
Therefore, a duly elected councilperson may accept an appointment as deputy constable, if and only if this appointment is on a part time basis. The definition of "part time" as applied to dual officeholding, can be found at LA R.S. 42:62 (5), which states:
 The period of time which a person works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Full time is defined by LA R.S. 42:62 (4) as:
 The period of time which a person works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
In previously issued opinions such as Opinion No. 98-145, this office has assumed that the position of deputy constable is a full time appointive position. However, please see Opinion No. 98-145A, which clarifies Opinion No. 98-145 in stating that the position of deputy constable may be in fact a part time position. In the event that the latter is true in the case at issue, there would be no dual officeholding violation if a councilperson for the City of Kenner were to be appointed deputy constable of the Sixth Justice of the Peace Court for the Parish of Jefferson.
As to your second inquiry, honorary titles may be bestowed upon individuals by a public body. Dual officeholding provisions do not apply to such "honorary" titles as long as the title carries with it no duties or powers of the actual office. From the details of your opinion request this seems to be the case.
In summation, a duly elected councilperson of the City of Kenner may accept an appointment as deputy constable of the Sixth Justice of the Peace Court for the Parish of Jefferson, if the appointment is on a part time basis. Additionally, said councilperson may accept an appointment as an "honorary" deputy constable, but in order to be "honorary," the appointment must be in name only and carry with it no powers of the actual office.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
With kindest regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ ANDREW D. BENTON Assistant Attorney General